## Commonwealth v. Brown

*C. William Kraft, Jr.*, District Attorney, and *Raymond R. Start*, Assistant District Attorney, for Commonwealth.

*Ernest L. Green, Jr.*, and *Vincent J. LaBrasca*, for defendant.

MacDade, P. J., September 17, 1947.—On September 12, 1947, we (MacDade, P. J., Ervin, J., and Sweney, J.), sitting as a court en banc made an order based upon a petition presented by defendant, through court-appointed counsel, as aforesaid mentioned, that a commission comprising Doctors Gabriel Schwarz and A. M. Ornsteen and Clarence G. Smedley, an attorney, be appointed to examine the said Harry Brown and to report to the court their conclusions as to the mental soundness of said defendant at the time of trial within the next two weeks for murder.

The pertinent averments in the said petition contained are as follows:

"1. Defendant, Harry Brown, is at present confined to the Delaware County Prison awaiting presentation of bills of indictment to the grand jury charging him with the crime of murder.

"2. By order dated August 27, 1947, your petitioners were appointed to prepare and conduct the defense of the said Harry Brown of his trial.

"3. In accord with the said order your petitioners have attempted to prepare and conduct the defense of the said Harry Brown.

"4. Your petitioners have interviewed the said defendant on two occasions at the Delaware County Prison.

"5. There is a serious doubt in the minds of your petitioners as to whether or not said defendant is mentally able to comprehend his position, and to make a rational defense at this time."

Whereupon petitioner (defendant) prayed the court for the appointment of a commission or two qualified physicians to examine said defendant and to report to and inform the court their conclusions as to the mental soundness of this defendant, particularly at the time he is scheduled for trial on the charge of murder.

Upon these averments and hearing thereon the said order was made.

Defendant, Harry Brown, is at present confined to the Delaware County Prison, awaiting presentations on bills of indictment to the grand jury, charging him with the crime of murder. Ernest L. Green, Esq., and Vincent J. LaBrasca, Esq., by order dated August 27, 1947, were appointed to prepare and conduct the defense of the said Harry Brown at his trial. Counsel for defendant on two occasions interviewed defendant at the Delaware County Prison and have become convinced that there is serious doubt as to whether or not defendant is mentally able to comprehend his position and to make a rational defense.

On September 12, 1947, counsel for defendant presented a petition to the court for the appointment of a commission or two qualified physicians to examine defendant and report to the court their conclusions as to the mental soundness of defendant at the time of trial. The court on the same day ordered the matter upon the argument list for September 15, 1947, and the same was duly heard.

It is clear that a person admittedly insane cannot be legally tried for a criminal offense: Commonwealth v. Ragone, 317 Pa. 113 (1935) ; Commonwealth v. Scovern, 292 Pa. 26 (1928).

The question to be met at this time is the procedure to be followed in the present case.

The Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 67, 19 PS §1352, provides a procedure for the commitment of a person who is insane at the time of the commission of an offense.

Section 67, 19 PS §1352, then provides:

"The same proceedings may be had, if any person indicted for an offense shall, upon arraignment, be found to be a lunatic, by a jury lawfully impaneled

for the purpose, or if, upon the trial of any person so indicted, such person shall appear to the jury . . . to be a lunatic, the Court shall direct such finding to be recorded, and may proceed as aforesaid."

It is only in case of doubt as to the sanity of the prisoner at the time of the arraignment that a preliminary inquiry by a special jury is to be ordered. The judicial mind may be informed by a personal inspection of the prisoner, an examination of him either public or private, inquiries from attending physicians and others about him, and other facts or testimony: Webber v. Commonwealth, 119 Pa. 223 (1888).

The Mental Health Act of July 11, 1923, P. L. 998, sec. 308, as amended by the Act of May 28, 1937, P. L. 973, sec. 1, 50 PS §48, makes further provision for determination of the question of sanity of persons awaiting trial.

The act provides:

"When any person detained in any prison, . . . whether awaiting trial or undergoing a sentence, . . . shall, in the opinion of the superintendent, jail physician, warden, or other chief executive officer of the institution or other responsible person, be insane, or in such condition as to make it necessary that he be cared for in a hospital for mental diseases, the said superintendent, jail physician, warden, or other chief responsible officer of the institution, or other person, shall immediately make application, upon a form prescribed by the Department to a law Judge, . . . for commitment of said person to a proper hospital for mental disease. The said Judge shall forthwith order an inquiry by two qualified physicians, or by a commission as provided in Section 304 of this Act."

Where defendant is insane when called for trial, the proper procedure is pursuant to section 67 of the Act of 1860, supra, or section 308 of the Act of 1923, supra.

Section 66 of the Act of 1860, supra, does not apply in such case: Commonwealth v. Ragone, supra.

The proper way to raise the question is for defendant's counsel, when he is called for trial, to submit a petition alleging that he is insane, and the court may in its discretion submit such issue to the jury before the case proceeds to trial on the indictment: Commonwealth v. Ciolione, 293 Pa. 208 (1928). The court stated at page 216:

"If counsel for defendant wished to raise the issue as to defendant's sanity at the time of trial, he should have petitioned the court for a preliminary inquiry, or defendant could have asked to have the issue tried by the same jury which determined the merits. . . ."

The Mental Health Act of 1923, supra, also makes provision when it shall appear to the court that a person charged with a criminal offense is insane, or in such a condition as to make it necessary that he be observed or cared for in a hospital for mental diseases, proceedings for the commitment of such person to such hospital shall be had such as are provided for in section 307 or section 303 of the act, upon application of some person to be designated by the court.

A defendant charged with a crime who invokes a statutory or common-law remedy to determine his sanity before trial has no constitutional right to be confronted by or to cross-examine witnesses or the members of the commission appointed to ascertain that fact: Commonwealth v. Iacobino, 319 Pa. 65 (1935).

Therefore, in conclusion, under the applicable acts of assembly and the cases, the correct procedure in this case is for defendant's counsel to petition for a preliminary inquiry so as to bring defendant's condition to the court's attention; which has been done.

If the court is satisfied with or without inquiry, the further proceedings may be followed as governed by section 67 of the Act of March 31, 1860, supra, or

that prescribed by section 308 of July 11, 1923, supra, which latter act we have elected to follow its provisions.

Hence, the order as aforesaid.